IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES EDWARD SIMMS            :
                                                       :
      v.                                          :   CIVIL NO. CCB-07-1704
                                                       :   (Crim. No. CCB-03-0386)
UNITED STATES OF AMERICA     :
                                     ...o0o...

## **MEMORANDUM**

In this § 2255 petition received June 28, 2007, federal prison inmate James Edward Simms challenges his sentencing as an Armed Career Criminal, which followed his guilty plea to a charge under 18 U.S.C. § 922(g), felon in possession of a handgun. The issues have been fully briefed and no evidentiary hearing is required. The motion to vacate will be denied.

Simms' three prior qualifying convictions were found to be: (1) a 1985 guilty plea to battery; (2) a 1985 guilty plea to assault; and (3) a 1992 plea to assault. On February 24, 2005, he pled guilty in this court and received a 15-year sentence as required by the ACCA, 18 U.S.C. § 924(e). His conviction and sentence, including the ACC status, were upheld on appeal. *United States v. Simms*, 441 F.3d 313 (4th Cir. 2006).

In his present petition, Simms argues that he was not represented by counsel for his 1985 assault conviction (case no. 48500701-02 in Baltimore City Circuit Court); the docket entries submitted by the government show that he was in fact represented by Assistant Public Defender "B. Sheppard" (Bridget Shepherd). Although her name does not appear on the line marked "Appearance of," it does appear above as "Attorney" and in the printed docket sheet as "APD." (Gov't. Opp. Mem. at Ex. 1.) Simms' claim to the contrary (which no doubt would have been forcefully presented by the Assistant Federal Public Defender representing him in this court had there been merit to it) must fail.

Simms also claims that his sentence violates the Ex Post Facto Clause because his 1985 convictions predate the ACCA's 1986 enactment. This claim also is without merit, as his March 1, 2003 conviction in this court occurred after the ACCA became effective.  *See U.S. v. Presley*, 52 F.3d 64, 68 (4th Cir. 1995).

A separate Order follows.

  October 19, 2007
        Date

              /s/
Catherine C. Blake
United States District Judge